# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ASHONDO K. HILL and SHRITA KINNEY,

        Plaintiffs,                           Case Number: 2:10-CV-14480

v.                                             HON. MARIANNE O. BATTANI

JERMAINE M. MIMS, ET AL.,

        Defendants
_____/

## ORDER OF SUMMARY DISMISSAL

Before the Court is a *pro se* civil rights complaint filed by Plaintiffs Ashondo K. Hill and Shrita Kinney pursuant to 42 U.S.C. § 1983. Hill is a state inmate incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan. Kinney is Hill's wife. Plaintiffs have paid the filing fee for this action. In the complaint, Plaintiffs allege that defendants, two parole officers and a supervisory parole officer, improperly handled Hill's parole revocation procedures, leading to the unlawful revocation of his parole. Plaintiffs further allege that the prospect of Hill's re-incarceration prompted Kinney to terminate her pregnancy. Plaintiffs seek monetary damages. Having reviewed the complaint, the Court dismisses it pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and because defendants are immune from suit.

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), the Court is required to *sua sponte* dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks relief from a defendant who is immune

from suit. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a federal civil rights claim, a plaintiff must show that: (1) the defendant is a person who acted under color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). A *pro se* civil rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jones v. Duncan*, 840 F.2d 359, 361 (6th Cir. 1988). Despite the liberal pleading standard accorded *pro se* plaintiffs, the Court finds that the complaint is subject to summary dismissal.

A claim under 42 U.S.C. § 1983 is an appropriate remedy for a state prisoner challenging a condition of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that a prisoner may not challenge the reliability and legality of his confinement under § 1983:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 486-87. *See also Schilling v. White*, 58 F.3d 1081, 1085 (6th Cir. 1995) (holding that "in order to recover damages for allegedly unconstitutional conviction or imprisonment . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus") (internal

2

quotation omitted). In *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005), the Supreme Court held "that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration."

In this case, Plaintiffs purport to challenge the procedures used during the parole revocation process rather than the revocation of parole. However, the substance of the complaint clearly challenges the revocation of parole. The decision revoking Hill's parole has not been invalidated. Thus, Plaintiffs' claims are not properly filed under 42 U.S.C. § 1983 and the complaint will be dismissed.

To the extent that Plaintiffs' claims are properly filed under § 1983, the complaint is also subject to dismissal under 28 U.S.C. § 1915A on the basis of immunity. Plaintiffs claim that the defendant parole officers and supervisory parole officer acted improperly in connection with the parole revocation proceedings. They seek monetary damages. Parole officers enjoy absolute immunity from liability for actions taken in connection with their official duties as parole officers, such as the preparation of reports. *See Horton v. Martin*, 137 F. App'x 773, 774 (6th Cir. June 7, 2005); *Holland v. O'Hair*, No. 96-10555, 1998 WL 152743, *1 (6th Cir. Mar. 26, 1998); *see also Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) (probation officers who prepare presentence reports are closely associated with the judicial function and entitled to absolute immunity). Therefore, defendants are immune from suit.

For the reasons stated, the Court concludes that Plaintiff fails to state a claim against defendants upon which relief may be granted and that the defendants are entitled to absolute

immunity on Plaintiffs' claims for damages.

Accordingly, **IT IS ORDERED** that the complaint is **DISMISSED WITH PREJUDICE**.

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

Dated: December 8, 2010

CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Order was served upon the Petitioner via ordinary U.S. Mail.

s/Bernadette M. Thebolt
Case Manager