UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ASHONDO HILL and SHRITA KINNEY,

    Plaintiffs,

v.

JERMAINE M. MIMS, ET AL.,

    Defendants.
_____/

Case Number: 2:10-CV-14480

HON. MARIANNE O. BATTANI

**ORDER DENYING PLAINTIFFS' MOTION FOR
REHEARING/RECONSIDERATION, APPLICATION FOR LEAVE
TO PROCEED *IN FORMA PAUPERIS* ON APPEAL, AND
MOTION FOR IMMEDIATE CONSIDERATION**

Plaintiffs Ashondo K. Hill and Shrita Kinney filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Hill is a state inmate incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan. Kinney is Hill's wife. In the complaint, Plaintiffs alleged that defendants, two parole officers and a supervisory parole officer, improperly handled Hill's parole revocation procedures, leading to the unlawful revocation of his parole. Plaintiffs further alleged that the prospect of Hill's re-incarceration prompted Kinney to terminate her pregnancy. Plaintiffs sought monetary damages. The Court dismissed the complaint pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and because defendants are immune from suit. Now before the Court are Plaintiffs' motion for rehearing/reconsideration, application for leave to proceed *in*

*forma pauperis* on appeal, and motion for immediate consideration.

Motions for reconsideration may be granted when the moving party shows (1) a "palpable defect," (2) by which the court and the parties were misled, and (3) the correction of which will result in a different disposition of the case. E.D. Mich. L.R. 7.1(h)(3). A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest or plain." *Olson v. The Home Depot*, 321 F. Supp. 2d 872, 874 (E.D. Mich. 2004).

The Court held that the complaint was subject to summary dismissal for two reasons. First, the Court dismissed the complaint under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), because Plaintiffs challenged the revocation of Plaintiff Hill's parole and the decision revoking Hill's parole has not been invalidated. Second, the Court dismissed the complaint because the named defendants are immune from suit for money damages. *See Horton v. Martin*, 137 F. App'x 773, 774 (6th Cir. June 7, 2005); (holding that parole officers enjoy absolute immunity from liability for actions taken in connection with their official duties as parole officers, such as the preparation of reports); *Holland v. O'Hair*, No. 96-10555, 1998 WL 152743, *1 (6th Cir. Mar. 26, 1998); *see also Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) (probation officers who prepare presentence reports are closely associated with the judicial function and entitled to absolute immunity).

In their motion for reconsideration, Plaintiffs argue that the complaint was

improperly dismissed because Plaintiff Hill's parole ultimately was not revoked, and that his current incarceration is not related to a parole revocation. Plaintiffs argue that this makes dismissal under *Heck* inappropriate. Regardless of whether Plaintiff Hill's parole was revoked, the defendants remain immune from suit for money damages, and the complaint, accordingly, was properly dismissed under 28 U.S.C. § 1915A.

Plaintiffs also have filed an application to proceed *in forma pauperis* on appeal. "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). For the same reasons the Court concluded that the complaint should be summarily dismissed, the Court concludes that an appeal would not be taken in good faith.

Finally, Plaintiffs' motion for immediate consideration will be denied as moot.

Accordingly, for the reasons stated, Plaintiffs' motion for rehearing/reconsideration [dkt. #7], application for leave to proceed *in forma pauperis* on appeal [dkt. # 9], and motion for immediate consideration [dkt. # 11] are DENIED.

      s/Marianne O. Battani
      MARIANNE O. BATTANI
      UNITED STATES DISTRICT JUDGE

Dated: <u>March 4, 2011</u>

CERTIFICATE OF SERVICE

    I hereby certify that on the above date a copy of this Order was served upon the Petitioner via ordinary U.S. Mail.

                                                   <u>s/Bernadette M. Thebolt</u>
                                                   Case Manager